In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John E. RAFTERY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

John E. RAFTERY, Respondent.

Supreme Court

*No. 2006AP406–D. Decided December 11, 2007.*

2007 WI 137

(Also reported in 742 N.W.2d 315.)

¶ 1. PER CURIAM. We review a referee's report and recommendation concluding that Attorney John E. Raftery engaged in professional misconduct and recommending that his license to practice law in Wisconsin be suspended for a period of six months. The referee also recommended that Attorney Raftery pay the costs of the proceeding and that various conditions be imposed upon his resumption of the practice of law following his suspension.

¶ 2. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We also concur with the referee's conclusions of law. We further determine that the seriousness of Attorney Raftery's misconduct warrants the suspension of his

■■■■■

■■■■■

license to practice law for six months. We also agree with the referee's recommendation that conditions should be imposed upon Attorney Raftery's resumption of the practice of law following his suspension, and we conclude that the costs of the proceeding, which are $4,777.88 as of October 10, 2007, should be assessed against him.

¶ 3. Attorney Raftery was admitted to practice law in Wisconsin in 1977 and practices in Random Lake. In 1998 he was privately reprimanded for failing to respond to requests for information from the Equal Rights Division (ERD) and failing to respond to a motion for summary judgment, causing the client's case to be dismissed; failing to notify the client about the summary judgment motion and failing to confer with the client about whether the client wished to pursue the action; and apparently withdrawing from the case without notice to the client, the court or the adverse party. In 2001 Attorney Raftery was publicly reprimanded for entering into a business transaction with a client without giving the client a reasonable opportunity to seek the advice of independent counsel or without obtaining the client's consent to the transaction in writing; failing to act with reasonable diligence and promptness in preparing the transfer documents; failing to respond to the client's reasonable attempts to communicate with him; and failing to cooperate with the investigation of the grievance.

¶ 4. On February 20, 2006, the Office of Lawyer Regulation (OLR) filed a complaint alleging ten counts of misconduct. Attorney Raftery filed an answer to the complaint on March 20, 2006. On January 5, 2007, he filed an amended answer admitting all factual allegations in the complaint.

30

¶ 5. James J. Winiarski was appointed referee in the matter. On July 12, 2007, the parties filed a stipulation whereby they agreed that a six-month suspension of Attorney Raftery's license to practice law was the appropriate discipline for the misconduct. The parties disagreed as to the date the suspension should begin and were allowed the opportunity to file briefs on that issue. The OLR argued that the six-month suspension should be prospective. Attorney Raftery requested that the six-month suspension be stayed. Because of the substantial agreement of the parties on the pertinent issues, no hearing was ever held. The referee issued his report and recommendation on September 24, 2007.

¶ 6. The first client matter detailed in the OLR's complaint involved Attorney Raftery's representation of P.C., who retained Attorney Raftery to represent her regarding a complaint she had previously filed with the ERD alleging that her employer had discriminated against her due to her race. After Attorney Raftery was retained, P.C. withdrew the ERD complaint and proceeded with a federal discrimination complaint before the U.S. Equal Opportunity Commission (EEOC). The EEOC found reasonable cause to believe there had been a violation. On May 19, 2002, P.C. signed a retainer agreement with Attorney Raftery allowing him a one-third contingency fee from any settlement or judgment above $2,000. On May 31, 2002, the EEOC issued a notice of right to sue. On July 29, 2002, Attorney Raftery filed an action against P.C.'s employer in the Eastern District of Wisconsin alleging unlawful discrimination and retaliation.

¶ 7. The employer took P.C.'s deposition in April 2003. Attorney Raftery alleged that the deposition did not go well and that he informed P.C. she would need to hire another attorney. P.C. denied that Attorney Raftery

ever informed her to seek another attorney. She also said she never received correspondence that Attorney Raftery claimed he sent her telling her she needed to either settle the case or find a different lawyer. Attorney Raftery continued to represent P.C. in the lawsuit. On May 30, 2003, Attorney Raftery received a request for production of documents. He met with P.C. on June 24, 2003, to prepare answers to the discovery request, but he failed to respond to the discovery request by the deadline. The day after the deadline, Attorney Raftery filed a response to the request for production of documents indicating that some missing telephone records would be sent by fax and mail immediately after they were received.

¶ 8. On August 6, 2003, the parties filed a stipulation requesting that the deadline for dispositive motions be moved to September 30. The stipulation stated that Attorney Raftery's delay in filing the responses was due to medical circumstances concerning an immediate family member. Attorney Raftery submitted a letter to the OLR which he contended he sent to P.C. on August 6, 2003, informing her he had entered into a stipulation to extend the deadlines due to P.C.'s inability to find successor counsel. P.C. said she never received this correspondence. Attorney Raftery received the missing telephone records around August 18, 2003, but there is no evidence he forwarded them to opposing counsel.

¶ 9. P.C.'s employer filed a motion for summary judgment on September 30, 2003. Attorney Raftery never advised P.C. the motion was filed. Attorney Raftery submitted correspondence to the OLR dated October 1, 2003, that he claimed he sent to P.C., indicating he believed it was fruitless to take the case any further. P.C. did not receive the correspondence. Attorney Raftery submitted other correspondence to the OLR that

he claimed he sent to P.C. on December 1, 2003, informing her the case had been dismissed. P.C. never received the letter and claimed she still believed the case was set for trial on December 15, 2003. Attorney Raftery did not inform P.C. the case had been dismissed until she contacted him on December 15 to set up a time and place to meet for the trial. Although Attorney Raftery informed P.C. he would send her copies of the dismissal documents, P.C. never received them.

¶ 10. P.C. filed a grievance against Attorney Raftery in June 2004. Attorney Raftery failed to respond to the OLR's repeated requests for information about the grievance. The OLR subsequently filed a motion seeking the temporary suspension of Attorney Raftery's Wisconsin law license due to his failure to cooperate with an OLR grievance investigation. Attorney Raftery failed to respond to this court's order to show cause, and his license to practice law was temporarily suspended on January 11, 2005. Attorney Raftery subsequently provided the OLR with a response sufficient to permit it to continue its investigation. Attorney Raftery's license to practice law in Wisconsin was reinstated effective June 3, 2005.

¶ 11. The OLR's complaint alleged, and the referee found, that by failing to timely respond to discovery requests, seek evidence and witnesses to support P.C.'s claim, and failing to respond to the summary judgment motion leading to a dismissal of his client's claim, Attorney Raftery failed to act with reasonable diligence and promptness in representing a client, in violation of former SCR 20:1.3;[1] by failing to keep P.C. informed of

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. See Supreme Court Order No.

the status of her matter, including his failure to notify her of the summary judgment motion, failing to promptly notify P.C. that the case was dismissed, and failing to provide the documents explaining why the case had been dismissed, Attorney Raftery failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of former SCR 20:1.4(a);[2] by willfully failing to provide a response to P.C.'s grievance and failing to respond to follow-up questions from OLR staff, and by misrepresenting to the OLR that he had told P.C. to retain new counsel, that he promptly informed P.C. her case had been dismissed, and that he sent various letters addressed to P.C. that he never actually sent, Attorney Raftery violated SCRs 22.03(2) and 22.03(6).[3]

---

04–07, 2007 WI 4, 293 Wis. 2d xv; and Supreme Court Order No. 06–04, 2007 WI 48, 297 Wis. 2d xlvii. Since the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:1.3 provides that a lawyer "shall act with reasonable diligence and promptness in representing a client."

[2] Former SCR 20:1.4(a), states that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCRs 22.03(2) and (6) state as follows: Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to

¶ 12. The other client matter detailed in the OLR's complaint involved Attorney Raftery's representation of S.J., who retained Attorney Raftery to represent her in an employment claim. In March 2004 Attorney Raftery filed a complaint with the ERD. Attorney Raftery failed to respond to repeated requests for information from the ERD. As a result, the ERD dismissed S.J.'s complaint on June 7, 2004. On June 25, 2004, Attorney Raftery filed a notice of appeal attaching information he had been asked to provide two months earlier. He failed to copy S.J. with the correspondence. The ERD upheld the dismissal based on Attorney Raftery's earlier failure to respond. On September 9, 2004, S.J. sent a letter to the ERD filing an appeal, stating Attorney Raftery had failed to send her any correspondence regarding her claim. The Labor and Industry Review Commission (LIRC) reversed the dismissal, noting that correspondence had only been sent to S.J.'s attorney when the statute required that correspondence also be sent to S.J. Attorney Raftery continued to represent S.J. on the claim.

¶ 13. S.J. filed a grievance against Attorney Raftery in September 2004. Attorney Raftery failed to respond to the OLR's repeated requests for information.

¶ 14. The OLR's complaint alleged, and the referee found, that by failing to respond to the ERD's request for information in a timely manner, resulting in the dismissal of S.J.'s initial complaint, Attorney Raf-

answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

tery violated former SCR 20:1.3, and by willfully failing to respond to S.J.'s grievance, Attorney Raftery violated SCRs 22:03(2) and 22.03(6).

¶ 15. The final four counts of misconduct alleged in the OLR's complaint arose out of Attorney Raftery's failure to comply with the requirements of SCR 22.26 following the January 11, 2005, temporary suspension of his license to practice law. Attorney Raftery failed to file his SCR 22.26 affidavit and failed to notify his clients, the courts, or opposing counsel of his suspension. OLR staff also received reports that Attorney Raftery continued to practice law after his suspension. Court records indicated that Attorney Raftery remained attorney of record during the period of his suspension in an estate matter pending in Sheboygan County.

¶ 16. The OLR's complaint alleged, and the referee found, that by failing to notify his clients, the courts, and opposing counsel of his suspension; failing to wind up his law practice within 15 days of the suspension order; failing to file a timely and accurate affidavit after receiving the suspension order requiring him to comply with SCR 22.26; and by continuing to practice law after receiving the suspension order, Attorney Raftery violated SCRs 20:8.4(f),[4] 22.26(1) and 22.26(2).[5] The OLR's complaint also alleged, and the

---

[4] Former SCR 20:8.4(f) states that it is misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; ... "

[5] SCRs 22.26(1) and (2) state:

SCR 22.26 Activities following suspension or revocation.

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

referee found, that by failing to fully and fairly disclose all facts and circumstances pertaining to the alleged-misconduct in violation of SCR 22.03(2), and by failing

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

(d) Within the first 15 days after the effective date of suspension or revocation, make all arrangements for the temporary or permanent closing or winding up of the attorney's practice. The attorney may assist in having others take over clients' work in progress.

(e) Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

(f) Maintain records of the various steps taken under this rule in order that, in any subsequent proceeding instituted by or against the attorney, proof of compliance with the rule and with the suspension or revocation order is available.

37

to timely conclude the probate of the Sheboygan County estate, Attorney Raftery violated former SCR 20:1.3.

██

¶ 17. As previously noted, the parties agreed that a six-month suspension of Attorney Raftery's license to practice law was appropriate discipline for the misconduct, but disagreed as to whether the suspension should be prospective, as argued by the OLR, or whether the suspension should be stayed, as argued by Attorney Raftery. The referee noted that Attorney Raftery's request that the six-month suspension be stayed was based on his assertion that all of the misconduct was the result of his longstanding chronic depression, for which he had received both inpatient and outpatient treatment. The referee said he could not make such a finding. While the referee noted that Attorney Raftery's medical experts were of the opinion that Attorney Raftery had suffered from chronic depression for years, the referee said there was no evidence in the record that the medical experts related each and every count of misconduct that occurred in this case solely to the chronic depression. The referee pointed out that many of the counts of misconduct related to deliberate misrepresentations by Attorney Raftery to the OLR during its investigation of the various client grievances and to Attorney Raftery's failure to comply with supreme court rules following his temporary suspension. The referee concluded that this misconduct was not solely

---

(2) An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

the result of Attorney Raftery's being "paralyzed" by depression, but rather was intentional misconduct undertaken in an effort to deceive the OLR and the public. Rather than viewing Attorney Raftery's chronic depression as an excuse for his misconduct, the referee found it to be a mitigating circumstance to be considered in recommending an appropriate discipline. The referee recommended a prospective six-month license suspension, and also recommended that Attorney Raftery pay the full costs of the proceeding.

¶ 18. The referee said he was very concerned with whether Attorney Raftery could be trusted to properly handle client matters once his suspension ended. The referee noted that Attorney Raftery and his current employer, Attorney Ritger, proposed a plan for the oversight and accountability of Attorney Raftery's practice of law in the Ritger Law Office. The referee recommended that various conditions be imposed on Attorney Raftery's resumption of the practice of law following his suspension.

¶ 19. No appeal has been filed from the referee's report and recommendation.

¶ 20. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. Attorney Raftery has admitted all of the factual allegations in the OLR's complaint.

¶ 21. The referee's findings of fact in this case have not been shown to be clearly erroneous, and we

adopt them. We also agree with the referee's conclusions of law. We further agree with the referee's recommendation for a six-month prospective suspension of Attorney Raftery's license to practice law in Wisconsin, and we agree with the referee's recommendation that conditions be imposed upon Attorney Raftery's resumption of the practice of law following his suspension. Finally, we find it appropriate to require Attorney Raftery to pay the full costs of this proceeding.

¶ 22. IT IS ORDERED that the license of John E. Raftery to practice law in Wisconsin is suspended for a period of six months, effective January 8, 2008.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order, John E. Raftery pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of John E. Raftery to practice law in Wisconsin shall remain suspended under further order of the court.

¶ 24. IT IS FURTHER ORDERED that, to the extent he has not yet done so, John E. Raftery comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 25. IT IS FURTHER ORDERED that for a period of two years following his resumption of the practice of law, the following conditions shall be imposed upon John E. Raftery's practice of law:

A. John E. Raftery's law practice shall be monitored as set forth in the "Suggested plan for oversight and accountability of John E. Raftery by the Ritger Law Office," previously filed in this matter.

B. John E. Raftery shall be required to submit to OLR, on a quarterly basis, a report that he is in

compliance with the "Suggested plan for oversight and accountability of John E. Raftery by the Ritger Law Office." The report shall disclose any patterns of neglect of client matters. Such quarterly reports shall include the written approval of Attorney Ritger.

C. John E. Raftery shall be required to submit to OLR, on a semiannual basis, a report from his treating psychologist/psychiatrist outlining his ongoing treatment. The reports should disclose any recurrences of the depression, and if any, whether such recurrences pose an unreasonable risk to the public if John E. Raftery is then permitted to continue the practice of law.

D. Should John E. Raftery, for any reason, leave the Ritger Law Office, he shall immediately inform OLR, and any continuance of his practice of law shall be subject to monitoring and a plan similar to the above.